UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN WILLIAM OTT,

        Plaintiff,

v.                                                    Case No. 17-cv-1591-pp

NANCY A. BERRYHILL,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 6)**

---

On November 14, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for supplemental security income under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. On November 27, 2017, the court denied the plaintiff's request to proceed without prepaying the filing fee, because the plaintiff's mother had signed the request, not the plaintiff himself. Dkt. No. 5. The court gave the plaintiff a chance to re-file his motion; the court received the new motion on December 4, 2017. Dkt. No. 6.

Before allowing a plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

1

Based on the facts presented in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he has no income, no expenses, no car, does not own a home and does not own any other property of value. Dkt. No. 6 at 2-4. According to the affidavit, the plaintiff has $187 in cash or a checking/savings account, id. at 3, but that is not enough to pay the filing fee. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that the Commissioner's conclusions and findings are not supported by substantial evidence and/or are contrary to Social Security regulation and law. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's

decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 13th day of December, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**